22-5002 USA v. Richard Williams. Oral argument, 15 minutes per side. Mr. Shad for the appellant. Good afternoon, Mr. Shad. How are you? Good afternoon, Your Honor. It's a pleasure, as always. May it please the Court, I'm here this afternoon representing Richard Williams, and I have reserved four minutes for a rebuttal, if I may. Sounds good. Thank you. So, over the course of 2021, the District Court held four different hearings relating to the subject matter regarding this appeal. After that fourth hearing, a week after that fourth hearing, the District Court issued a written order in which it revoked Mr. Shad's conditional release. Mr. Shad, for the very first time, informed the parties that the burden was on the defendant to prove by clear and convincing evidence that his conditional release should not be revoked. It was the first time that this issue came up in the litigation, and long after the parties not only didn't have a chance to do anything about it, but could not even litigate the matter before the Court. We're asking this Court to find that that decision was legally incorrect and remand this case for a new hearing where the Court can impose the correct standard of proof and burden of proof in this matter and give Mr. Williams his fair hearing on his conditional release. Can I ask you, so this is switching, not about the plein air, but just about the statute. I thought you had a powerful argument, I don't know, the Latin expressionius, you know, the negative implication that in the other provisions of the section, it expressly imposes the burden on the defendant, and in this one it's silent. But if you take a broader look at the entire statutory scheme, there's other provisions that expressly place the burden on the government, like 42-46 is what I'm thinking of, it's two provisions later for custody, you know, before trial. And it says that the Court must find by preponderance of the evidence that the defendant is a substantial risk. That strikes me as unambiguously placing the burden on the government. So I wonder if those two things cancel each other out, because some provisions expressly place it on the government, some expressly place it on the defendant, and this one is just silent. So I wonder if you could respond to that. Yes, so I think it all comes down to what you think the default is. And in this case, you know, since we're dealing with a criminal case and a criminal defendant, the default should always be that the government bears the burden of proof unless otherwise explicitly stated. And with regards to how Mr. Williams was particularly situated in this case, he'd already been conditionally discharged. The Court had already found that he was not a present danger to the community all the way back in 1999. If he followed the conditions. If he followed the conditions, that's true. But just while you're on this point, because it relates to what I consider one of the hardest things for you, he's outside prison, he's got conditions, and he decides the conditions are dated, unfair, become irrelevant. You would have to agree he has the burden to seek relief from the judge to get rid of them. Absolutely. How could we possibly have a system where you get better treatment by violating? That doesn't make any sense. Your Honor, I do agree with that. And if it was if there was a motion to eliminate, let's say, a particular condition that he was under, of course, the defendant would have the burden because that's an increase in liberty, right? Is what that amounts to is it's it's not a decrease in liberty, it's an increase in liberty. I mean, the balance of the tide should always go to who is it that is seeking? I'm not I'm not sure you're seeing the point I'm trying to make. What I'm saying is we all agree with that point. Does it not give you some cognitive dissonance to think it's a little strange if he gets rid of that burden, right? You just agreed that if he says go for it, he satisfies that burden. Now, next scenario, he doesn't seek permission from the judge. He doesn't meet his burden. He just violates it. He just doesn't do the drug test. Under your theory, it's an amazing benefit for him. In fact, it's frankly silly to seek relief. You're better off violating the 30-day drug prohibition. You violate it. And now you don't have the conditional release anymore. And as you put it, the burden's on the government to show he can stay out in society. Your Honor, I understand what you're saying. I guess I am having some kind of cognitive dissonance of why that would be unfair. Because in that instance, the conduct that you're looking at is, is there a burden on him that he's violating? And whose burden is it to prove that he in fact violated that condition? It's no different than instead of conditional discharge, let's say he was on supervised release. And on supervised release, he's got terms A through E. And if probation officer files a petition for warrant and says he violated these terms of his supervised release, we always say the government has the burden of proof to show that he violated them. Conversely, if the guy's on supervised release, and he wants out of violation A, we have always said that yes, if you want out of violation A, you have to prove why that no longer applies to you, we've always done it that way. And there's no real cognitive dissonance there. It comes down to who is it that is burdening the liberty interest. And in your scenario, Judge Sutton, if he violates a condition that is on the books, he's the one then that is burdening the liberty interest. And therefore, they have to show that he violated it. And then they take whatever condition is necessary, if they prove them that he's a danger, present danger to the to the community. So it really is no different. But in, you know, as opposed to some of the other language in the statute, D... Just one more thing on this point. Is what the way you just explained this, does that help to explain the silence and eliminate the need for a negative implication? In other words, a reason for silence on this one, is there are two distinct burdens. The government, as you point out, has the burden of showing violation of condition, just as it would be with violation of parole or whatever. But then he has the burden, once the government shows that, he now has the burden to show that he's going to be safe if, you know, if he's let out. So the silence actually makes a lot of sense. It doesn't lead to an inference, it actually is perfectly understandable, because it actually goes different directions, depending on what you're asking for. But if that were the case, then why would there be silence in the statute, as to these two things? Because there are two background principles as to this situation. Background principle number one, government's got to show you violated the condition. Background principle number two, you're going to try to say, in spite of this insanity defense success, you're safe to go outside. And we all agree that normally that is how that works. Well, but the problem with that, Your Honor, is that he has already been found safe to go outside. The judge found that way back in 1999, and that's been- With the condition. That's 1999. With the condition. Right. That's really important. No, and I agree with you there. But it presumes that once you show that you violated the condition, that somehow then there's a presumption. You go back to square one. But that presumes that that's the presumption, right? That you do go all the way back to square one, but that completely discounts the finding that's already been made by the judge back in 1999. And I don't think that can be right. I don't know what you mean by- Go ahead, Judge Larson. But isn't the finding that was made originally that you won't be a danger to the community with these conditions? So the conditions are the safety net, and then you violate the conditions, so the safety net is not there anymore. So why aren't you back to the- So maybe I can give- The presumption that you are a danger because the safety net of the conditions is gone. Maybe I can give another explanation that might help in that regard. So one of the conditions is that he is supposed to not change residences without informing his probation officer. So let's say it was proven that he violated that condition. What you're saying is that once the government proves that he violated that condition, now there's a presumption that he's a danger to the community because he violated that condition, which is a somewhat fairly innocuous condition and shouldn't give rise to a presumption that he is a substantial risk and danger to the community. But you agree that this burden rule applies to everything, not just some conditions, but not others, right? You agree we got to make a decision for the whole subsection. Yes, I agree. So I don't think the answer is to take the most innocuous condition. The answer is to take the worst condition, i.e. without his medication, this guy picks up a gun and kills somebody every time, all right? If he takes his medication, he never kills anybody. Condition, take medication. He stops taking it, you're back at square one. He always kills somebody without the medication. And I see my time is almost up, but if I can answer the question, Your Honor. Yeah, yeah. So I think that my innocuous scenario and Judge Sutton, your kind of worst case scenario proves that that rule can't be an over-the-board rule in terms of that there's this burden shifting that happens to the defendant in this case. The government's always got to prove no matter the violation that occurs, the government has to prove that because of where he's at now, he's now a present substantial risk to the community. And it's because of that very fact that there's a wide variety of- Well, think about this for rebuttal, but this just takes us full circle. The more innocuous the condition, the more bizarre, and a condition he doesn't like dealing with, the moving one, we'll call that. It doesn't seem fair. He has to stay in one place. His family's left. But it doesn't seem to go to public safety. The more innocuous it is, or the less connected it is to public safety, the stranger it is. He didn't go to the judge and say, let's get rid of this condition. My whole family has left the state. This condition makes no sense. In other words, there's a way out of this problem. And the statute contemplates it. F, it says, don't like condition, burden on you to get rid of it. And you've given a good example of one. You'd think it would be pretty easy to meet the burden. But anyway, think about that for rebuttal, and we'll hear from Mr. McLaren. Good afternoon. May it please the court. My name is Luke McLaren, and I'm here on behalf of the United States. Mr. Williams's revocation of his conditional release should be affirmed. He had the burden of showing that his continued release would not pose a substantial danger of bodily injury or serious property damage. Don't you think the average lawyer, at least, and maybe average citizen would start with the assumption, the burdens on the government when you're depriving someone of liberty? That is a default position, but we're not in that default position when you deal with a defendant who has been found not guilty by reason of insanity. All defendants start in that default position. But we have to remember, here we're in a situation where this defendant affirmatively proved at trial by clear and convincing evidence that he was suffering from a mental disease or defect. And that changes the default position we're in. And then we look at the statutory scheme that Congress created when we're in that new default position, when we're in the situation where somebody has been found not guilty by reason of insanity. And there, what Congress says throughout... Is that how you would... I find it interesting that the other statute, 4246, uses this identical language. But there, it seems to me, some cases have suggested that the government bears the burden. So under your view, we're going to be interpreting... We're either going to be creating a circuit split with that interpretation of 4246, or we have to somehow distinguish this context from that one. And do you think it's fair to say that because in the one context, there already has been an adjudication of insanity, it's okay to shift the burden to the defendant. But in the other context, there hasn't been. So the government retains the burden, even though the language is identical. I mean, I suppose that would be theoretically possible, but the language is the same. It's identical language. I think that context is important, and it does make a huge difference. And the Supreme Court has said it makes a huge difference. The Supreme Court has said that the finding of not guilty by reason of insanity, the finding that a defendant has this mental disease or defect that caused him to commit a crime, is actually enough to restrain his liberty, is enough to civilly commit him. And so I do think the fact that we've gone through a process where the defendant himself has made the affirmative showing by clear and convincing evidence that he has this mental disease or defect, puts the case in an entirely different posture. And that's exactly the posture that Congress was trying to address in 4243. And what you see is it's this comprehensive civil commitment procedure where the court outlines at every stage of the process, the defendant is the one that has to show his lack of dangerousness in order to be released. Why doesn't it do that in subsection G? Well, I think there's several reasons. One, a couple of you guys have already pointed out, Judge Sutton, and this is going to get to a point of clarification I think we need to make, is there are two things going on. There are two showings that need to be made under 4243G in order to revoke somebody's conditional release. First, there has to be a showing that there was in fact a violation of a mental health treatment condition that was part of the release. And then after that is shown, then the court has to assess whether the defendant should still be out on continued release, or whether in light of his violation, his continued release would create a substantial risk of bodily injury or serious damage to property. Nobody is disputing, and the government is accepting. We bear the burden on that first point. We have to show that the defendant violated the terms of his conditional release. But once we do that, then we're in the position that the defendant was in before when he was seeking conditional release. Why do you think the burden is on you to show that? Because there's silence there too. Why wouldn't you take it to its logical conclusion that you never have a burden for the entirety of 4243? Your Honor, we're acknowledging that the way 4243G is set up is that sort of to trigger this hearing about whether there should be a revocation, there has to be a violation of one of the mental health treatment conditions. No, I agree with you there, but it doesn't say anywhere who has to make a violation. It doesn't say anywhere. We're just simply not disputing that we would bear the burden, and that issue really isn't present in this case because everyone agrees the government satisfied its burden here. The defendant himself has actually admitted that he violated the conditions of the release. No, I agree with you. I agree with you. I think my point is your pitch is that when there's an ambiguity in the affirmative defense context, which is, in some respects, this is what this is, the defendant generally bears the burden. But then there is some silence in G on this initial showing, and you're saying you bear the burden. And so maybe that undermines your actual argument that we should interpret the ambiguity against the defendant. That's the only point I'm making. It's silent across the board. I think he wanted a different answer. Let's see what he thinks of this answer, that the silence always asks you to go to defaults. Everyone agrees silence means you think about defaults. And in this, in G, just the world of G, that implicates the default that normally you would assume is the government's job to show a violation of either parole, conditions of release. And that, of course, goes, that's a default rule in one direction. The other default rule is the insanity defense default rule. So what does Judge Murphy think of that answer from Mr. McLaren? Judge Murphy, I'm sorry. I didn't mean to interrupt there. I was going to say it still doesn't answer the question because the government is, you're Well, your honor, I think we're just saying we're not disputing that issue. If the court wants to say that the government, that the defendant has the burden of disproving a violation, we're not here to argue about that in this particular case, because it's not actually present in this case. Everyone agrees that he violated the mental health conditions of a supervised release. The only issue that we're asking this court to address is who has the burden of proving dangerousness. And there, the fact that there's silence, I don't think really cuts or indicates any sort of congressional intent to shift the burden to the government. If anything, we would expect in this context where the entire statutory scheme at every other stage of the process makes crystal clear that the defendant is the one who has the burden. If Congress wanted to do something drastically different in 4243G, we would expect them to say so with clarity. And another reason we should be What do you make of, I had one other textual argument. And that's like in the earlier versions where it's clearly the defendant has the burden It says the court shall find by clear and convincing evidence that is released would not create substantial risk of bodily injury. So it uses the negative construction would not create a substantial risk. In other provisions like 4246 where it's obvious that the government has the burden. It uses the affirmative construction, the district court has to find that he would create a substantial risk. And this provision also uses the affirmative construction in the sense that there's no not in G. It says the court shall after a hearing determine whether his continued release would create a substantial risk. Do you think we should make anything of the fact that if they wanted to place the burden on the defendant, it would have said something like the court shall determine that he should be detained, unless his release would not create a substantial risk. You see what I'm saying there with the where the government has bears the burden. It's in the affirmative construction where the defendant bears the burden. It's in the negative construction and here it strikes me it's it's in the affirmative. I don't think that that that that linguistic difference is an indication of who bears the burden of proof. I think part of that linguistic difference may be due to the fact that under subsection E and subsection F the commitment apart and the discharge part when the court makes the finding the statute actually requires certain actions, as opposed to subsection G which this court has recognized gives discretion to the court. The court actually in subsection G doesn't have to do anything with regard to revocation. It says the court shall conduct a hearing and then determine whether the person could be sent back. And so maybe part of that linguistic difference is due to the fact that you're dealing with more of a discretionary function. Is it normal to think of burdens of proof for discretionary determination so you would with the government agree that if the district court said I find the defendant would pose a substantial risk, but I'm not going to I'm not going to send them back into custody. Would the court have discretion to do that? I think under the language of the statute, the court, I think it's possible the court could have discretion to do that. I mean, there would be a situation. Does it make sense to you to even think about burdens of proof? Like if lots of statutes say courts may do this and then we review those discretionary determinations on appeal for abuse of discretion. But we don't usually think of somebody having a burden of proof for discretionary decisions. I found maybe I know what you're talking about is our Rogers opinion that suggested this was a discretionary determination. I wonder if that could be one explanation for why there's no clear indication of the burden of proof because they just wanted to vest the decision in the district court's appeal. Well, I think there does have to be a burden of proof because the statute does require the conducting of a hearing. And at the hearing, at the end of the hearing, the court is supposed to make some sort of determination. So somebody has to come forward, somebody has to have some burden of coming forward with evidence that are that is going to bear weight on the determination that the court has to make at that statutorily required hearing. So I don't think the discretionary part of it takes away the burden of proof issue. I think what's more important is, I mean, we acknowledge the statute here is silent. And the question is, how does the court going to interpret that statutory silence? And the only reason the defendant is suggesting you should interpret it to switch the burden to the government is this negative implication canon. But that canon can't undermine, doesn't apply when it would result in an interpretation that would undermine the statutory scheme. I mean, the other thing, I mean, I do think the language, it does look like this just kind of delegation. But you don't exercise the delegation in a vacuum. It's about, it has to do with violations of conditions. And it seems very strange to think of that as a discretionary determination. I know you don't want to talk about burden of proof with respect to that, but that does seem like a strange thing to think of in discretionary terms. Like, was there a violation? Well, I don't think there is discretion about, I think the court has to make a determination about the violation. The way I read G is it says, once you've made a determination that there in fact has been a violation, then you have to make this additional determination about, should we continue conditional release? Or should we send the defendant back to a hospital? And at that point, you're supposed to make that determination in the words of the statute in light of the defendant's failure to comply with the prescribed regimen of mental health treatment. The thing about this interpretation is it's even worse for the defendant. I mean, if I were the defendant, I would much rather deal with the burden of proof than I would just discretionary decision. Your Honor, I'm not sure I understand your question. In other words, I'm making the point, I'm dealing with Judge Murphy's question and just thinking through how you'd operationalize that. And I'm asking myself as a defendant, which would I prefer? Option A, you've got the burden of proof. Option B, it's not really a burden issue. It's just, it's up to the judge. You try to convince the judge to exercise their discretion your way. You know, I'm not, that contemplates a situation where you could meet your burden and the judge could still deny you release, right? But I mean, that happens all the time in the law. 3582 is a great example where there's a discretionary decision at the end of the day. I'm sorry, Judge Larson. So let me, I think I just want to clarify. Is it the government's position that what Judge Sutton just said is right? That the defendant first has to meet the burden that I've shown I'm not in danger. And then at the end of the day, the judge may still decide, yeah, you've met your burden, but still I'm not going to release you. Is that the government's position? Your Honor, I'm not necessarily advocating for that. We're simply accepting the interpretation of the statute that this court has already placed on it, saying that this is a discretionary decision. So I'm not saying that that's necessarily the best interpretation. We're simply not challenging the interpretation that this court already announced in that Rodgers opinion that Judge Murphy referenced. Can I ask one final question, if it's okay? What's the government's view on what the burden is? Is it clear and convincing or a preponderance of the evidence? And how do we figure that out? We think the burden is the same as is outlined in section D. So it's going to be clear, convincing or preponderance, depending on the nature of the offense. Nobody is disputing. Nobody has disputed that this offense was one that involved a risk, a substantial risk of bodily injury or damage to property. And so for this particular offense, the burden is clear and convincing evidence under subsection D. I want to make sure just one more question, if you don't mind, just make sure I'm understanding the interaction of F and G. So if you don't like the conditions, or you're struggling to comply with them, but you don't think they go to public safety, we all agree you have the burden. And so is it true? I mean, this is what I was asking Mr. Schatt. I'm just trying to make sure I'm understanding how this would actually work. Is it the case that if you violate and the burden goes to the government, you've actually done yourself some good? I mean, it basically incentivizes violations as a way to change the conditions of release rather than motions. Yes, I think that is absolutely how it would work if there is a burden shifting. I do want to point out one thing of clarification that might help your discussion with Mr. Schatt is that we're talking about violations of any condition sort of leading to revocation under G. The statute is actually quite clear that the kind of violations that lead to this required hearing are violations of the condition that the defendant comply with the program of mental health treatment. And this is somewhat unique as compared to supervised release where courts have fairly large discretion in terms of the kinds of conditions they impose. Subsection F of 4243 is very clear that if a defendant is conditionally released, a court is required to impose as a condition compliance with mental health treatment. That is not discretionary. The court has to require that as a condition. And so then what G says is if you violate that essentially mandatory condition that you comply with your mental health treatment, then we go to a revocation proceeding. But I think that that raises even stronger concerns because if the burden shifts in 4243 then that gives defendants a strong incentive to simply not comply with their mental health treatment program. And that would undermine the whole purpose of the statutory scheme. And so I think that's another reason why this court should interpret the statute as placing the burden on the defendant. Just to make sure I got the point, F is only about mandatory conditions? No, F permits courts to impose other conditions. I got it. F requires that one of the conditions be compliance with the mental health treatment program, which makes sense because the whole point of when the court has reached the point of allowing somebody to be conditionally released, they're determining they can be conditionally released because it's only safe to do so if he complies with the program of mental health treatment. I just want to make sure that your view of G and burden would apply to the mandatory and discretionary? I'm not sure I understand your question. Half the time an advocate doesn't understand the judge is because the judge is wrong, so don't hesitate to tell me that. But as I understood what you just said, F has mandatory rules. You, the judge, have got to deal with the mental health problem because otherwise we've got a real safety issue. On top of that, the judge can have discretionary conditions. So there are two types that can come out of F, and I just want to make sure we're in agreement that the government's position on burden of proof would apply equally to both of them. The mandatory and the discretionary. Yes or no? Are we talking about when we're getting to revoking conditional release or modifying conditional release? You're in G. You're in G. And the violation can be of discretionary or mandatory, I'm imagining, and I just want to make sure I'm not missing a nuance here about burden of proof. I think our position would be that when you're in the revocation stage under G, once a violation has been shown, the kind of violation that triggers a hearing, at that hearing the defendant has the burden of proving the lack of dangerousness, that it's safe to release him on conditions again, or that he doesn't have to go back. Even though the conditions he violated weren't mandatory ones, like they didn't go directly to mental health. Well, the mandatory conditions wouldn't, if he violates a non-mandatory condition, it doesn't necessarily trigger a revocation hearing under G. It wouldn't necessarily. I'm just trying to be faithful to the language of the statute that Congress enacted. If you look specifically at the statute, it talks about when the court has to do a hearing, and the court has to do a hearing when there is probable cause to believe that the person has failed to comply with the prescribed regimen of medical, psychiatric, or psychological care treatment. That's the situation where a revocation hearing under G is sort of required to be initiated. Can you give me an example of a condition of release that would not be covered by that just so it's concrete in my head? Yeah, I'll give you an example from this case. So in this case, there was a condition that he comply with like the program of treatment that he followed the instructions of the doctors that he take all of his medications. There was also the additional condition imposed on him that he not contact the butchery company and that was a reasonable condition because of the nature of his delusions, the nature of his offense, but that's not a condition that subsection F of the statute requires to be imposed. I got it. But here, what triggered the G hearing was, I know there's been some confusion about this in the briefing, but really what triggered the G hearing was his failure to comply with the mental health treatment condition because that was the real concern is that he had absconded. He was not on his medication. That's what led to the whole revocation proceeding in the first place. All right, super helpful. Thank you very much. I really appreciate the answer to that question and your argument. Mr. Shad, you have your full rebuttal. Thank you, Your Honor. Let me just first say before I get to the specific questions that Your Honors have raised to my opposing counsel that you need to remember that however you read this statute and if you ultimately decide that the defendant did have the burden by clear and convincing evidence to disprove this, if that's what you find, keep in mind that none of the litigants knew that until after all of the hearings were over and after the court had made its decision. So it's still fundamentally unfair in this case to, if you hold that that's what the law says, that you impose that retroactively as to the litigants in this case without remanding this case for another hearing to allow the defense counsel to work under this structure, which it never had to work under before. Mr. Shad, let me ask you this question. Your claim of surprise rests on the ambiguity in the statute. I mean, I hesitate to use the word ambiguity because it's kind of loaded, but the lack of clarity in the statute. But it's not like you were somehow affirmatively told, oh, the government will bear the burden here. And so you showed up at the hearing and you were like, wait, it's not our burden. Right? It's just the there's a lack of clarity in the statute. That's why we're having this discussion today. And so that's where your claim of unfair surprise comes from. Yeah. Well, two things, Your Honor. Number one, yes, we were never explicitly told that it was the government's burden, obviously. But more than that, the district court never said it was the defense counsel's burden until that order, which came seven days after the last hearing. But more than that, in criminal law, defense counsel never believes it's under the burden unless there's a clear indication that it's under the burden. So in other words, you know. Where did you make this argument? Where did you make this argument in your brief? I'm just scanning the briefs. Where did you make the argument you're making now? What do you mean that we were that we were surprised? And you started your rebuttal with essentially a new argument. And your rebuttal was, even if I'm wrong about burden of proof, still need to remand because no one knew this. And that had its own problem. Just trying to find where it is in. It's in the it's in the reply brief. And it was in response to my opposing counsel's. Wait, wait, isn't that a problem? Isn't that a problem? Well, no, because I didn't know that the defense I didn't know that the government was raising plain air until they filed their brief. And it was in response to their point error. Well, yeah, that proves plain air doesn't apply. I for what it's worth, the whole reason we're having oral argument is my realization that plain air didn't apply. So I think you're right about that. But that shows plain air doesn't apply. It doesn't show a separate appealable issue. Fair enough. Fair enough. So then let me then pivot to Judge Murphy's argument with regards to this because there's some leeway with the district court judge that this burden of proof really doesn't make a difference at the end of the day. And the way I think of that is that, you know, the judge does under the under the language of the statute have leeway to come to. OK, I found the violation. I found that is a substantial risk to the community. The leeway comes in as to now what do I do with those two findings? Right. And it might not be that putting them back into the BOP system is the fix for that. And so it's not again, not unlike other criminal matters where it's a sentencing issue where the court has leeway after all the legalities have been found. So I don't think there's any dissonance in that respect. I think you think there would be discretion if the court found as a fact that your client wouldn't be a substantial risk. Would there be residual discretion? But just to play it safe, I'm going to send you. I'm going to re-hospitalize your client.  Actually, the so before. Well, I mean, I mean, I'm in under the view that there's some residual discretion and that this isn't actually a fact finding. I agree with Judge Sutton that I'm not certain defendants would necessarily like having some residual discretion if if there was more than just a fact finding about risk of danger. I'm curious. I'm curious if that would be a good thing or a bad thing. Yeah. So I do think that the courts would have some residual. So my theory is they would have some residual discretion with regards to what plan can be put into place to make sure that he continues along with compliance. Right. And so that may be adding additional additional requirements to his mental health record. You know, it could take all kinds of forms absent incarceration, which is what occurred here. My client's been incarcerated for almost three years on this now. So that's that's the fundamental difference. Your point is that they could add instead of sending them back to hospitalization, they could find a substantial risk finding and use that as the basis to readjust the conditions. I would go so far and it doesn't sound like it's good for my argument, but I would go so far as to say the judge could find that he didn't violate the conditions of his release and wasn't a substantial risk to the community, but still find that he needs to tweak the mental health regimen to make sure that all compliance is happening. So just I want to make sure I'm not sure I was following this completely, but you're trying to use not trying to do anything, but the should language accounts, not necessarily for the on off of out, you know, liberty or not liberty. The should language at a minimum has something to do with the very vast discretion about exactly what you're going to do. In other words, you know, everyone's kind of this is a human being who has a history and that that that might be at least one part of the reason for should. Exactly. Yeah. Okay. Well, Judge Larson, do you have any more questions? Well, I'm sorry. This is all my fault about the ambivalence of argument. Wasn't sure we needed it. You guys wrote great briefs and really has have us, as you can now tell, really thinking carefully about it. And the fact that we knew we'd be getting good advocates was another incentive. So in a way, I'm sorry we're doing it by Zoom, but still very grateful. So thank you so much for your flexibility. And above all, for your excellent answers to our questions. We really appreciate it. So thank you. The case will be submitted. Thank you, Karen. And court is adjourned in its virtual way.